IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, #20661647, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1395-B |
| | ) | ECF |
| WARDEN LACY, et al., | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by an immigration detainee pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Immigration Detention Center in Houston, Texas. Respondent is the Warden of the Houston Immigration Detention Center. The Court did not issue process pending preliminary screening.

Statement of the Case: Petitioner entered open pleas of guilty to the offenses of tampering with government records in the 265th Judicial District Court, in Cause Nos. F03-00800-HR, F03-00810-HR, and F03-00814-HR. (See Petition (Pet.) at 1, and Exh. attached to Pet). He was initially sentenced to seven years probation. See Judicial Information for Nos. F03-00800-HR, F03-00810-HR, and F03-00814-HR, http://www.dallascounty.org/pars2/#,

criminal background search. On August 9, 2004, his probation was revoked and he was sentenced to two years imprisonment. Id.

Thereafter, Petitioner filed a state habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure in each of his cases. See Judicial Information for Nos. W03-00800-HR, W03-00810-HR, and W03-00814-HR, http://www.dallascounty.org/pars2/#, criminal background search. On July 19, 2006, the Texas Court of Criminal Appeals denied each application without written order on the trial court's findings without a hearing. Ex parte Francis Tejani Kundra, No. WR-63,039-02 through -04, http://www.cca. courts.state.tx.us/opinions/Case. asp?FilingID=239980, 239981, and 239982 (Docket sheet information generated from the Texas Court of Criminal Appeals Website on August 9, 2006).

In his federal petition, filed on August 2, 2006, Petitioner seeks to challenge his convictions in the above cases on the ground that the stickers and fake ID were seized in violation of his Fourth Amendment rights. (Pet. at 3). He further alleges that he did not get the stickers illegally, but rather found them in a junkyard because he collects them. (Id. at 3).[1]

Findings and Conclusions: A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] Contemporaneously with the filing of this action, Petitioner filed three other habeas corpus actions challenging prior state court convictions. See Kundra v. Lacy, 3:06cv1382-M (presently pending before Magistrate Judge Ramirez); Kundra v. Lacy, 3:06cv1394-P (findings and conclusions filed by Magistrate Judge Sanderson on September 7, 2006, recommending that the petition be dismissed for want of jurisdiction because Petitioner cannot satisfy the in custody requirement); and Kundra v. Lacy, 3:06cv1396-P (presently pending before Magistrate Judge Ramirez).

Presently Petitioner is not incarcerated on the basis of his two-year sentences in Nos. F03-00800-HR, F03-00810-HR, and F03-00814-HR. It appears those sentences were fully served earlier this year, and Petitioner is merely seeking to challenge them because they were either directly on indirectly a basis for the removal proceedings presently pending asking him. As a result, Petitioner cannot bring a federal habeas action based solely on the basis of his convictions in Nos. F03-00800-HR, F03-00810-HR, and F03-00814-HR. See Maleng v. Cook, 490 U.S. 488, 493 (1989).

In Maleng, 490 U.S. at 493-94, and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

The claims raised in the petition -- namely that Petitioner did not tamper with government documents-- do not allege facts sufficient to raise an "in custody" issue under Maleng and Lackawanna. Nor does the fact, that Petitioner is facing deportation consequences directly or indirectly as a result of these felony convictions, leads this Court to conclude that he can satisfy the in custody requirement. Accordingly, Petitioner's challenge to his convictions in Nos. F03-00800-HR, F03-00810-HR, and F03-00814-HR should be dismissed for want of jurisdiction because he can not satisfy the "in custody" requirement.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED for want of jurisdiction for failure to satisfy the in custody requirement.

A copy of this recommendation will be mailed to Petitioner.

Signed this 14th day of September, 2006.

*[signature]*
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.